# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **DEE BLACKWELL** ) | |
| ) | |
| **Plaintiff:** ) | |
| ) | |
| vs. ) | Case No.: 1:19-cv-00433 |
| ) | |
| **GULF COAST EXPRESS** ) | **JURY DEMAND** |
| **CARRIERS, INC.** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

COMES NOW Plaintiff, Dee Blackwell (hereinafter "Blackwell" or "Plaintiff"), who hereby files this action against Gulf Coast Express Carriers, Inc. (hereinafter "GCEC" of "Defendant") pursuant to the Fair Labor Standards act of 1938 (FLSA), 29 U.S.C. §§ 201 et seq., and for this cause of action states as follows:

## NATURE OF SUIT

1. The FLSA was passed by Congress in 1938. The principal Congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight*

1

*System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a Congressional recognition that failure to pay statutory minimum on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of worker to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

2. Plaintiff brings this action under the FLSA to recover from Defendant unpaid overtime compensation, liquidated damages and reasonable attorneys' fees and costs.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. § 216(b).

4. Jurisdiction in this Court is proper as the claims are brought pursuant to the FLSA, as amended, 29 U.S.C. § 201, et seq., to recover unpaid overtime compensation, an additional equal amount as liquidated damages and reasonable attorneys' fees and costs.

5. Defendant is subject to personal jurisdiction in this district as it regularly does business in the State of Alabama through its business including the one where

Plaintiff was employed. At all times relevant to this case, Defendant was an enterprise engaged in commerce as defined by §203(s)(1) of the Act.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 since all, or at least a substantial part of the events giving rise to Plaintiff's claims occurred in and around Mobile County, Alabama.

## PARTIES

7. Plaintiff, Dee Blackwell is an individual resident of Corpus Christi, Texas. At all times relevant to this complaint, Blackwell was a resident of Mobile County, Alabama, and she was an hourly, non-exempt dispatcher who was employed by Defendant to answer calls and dispatch drivers as needed for Defendant's transportation services.

8. Defendant, Gulf Coast Express Carrier, Inc. (hereinafter "GCEC" or "Defendant"), is a foreign Louisiana-based corporation (Louisiana Secretary of State Charter No.: 37126274D) and it conducts business in and around Mobile County, Alabama, at 10837 US 43 N, Creola, Alabama 36525. GCEC is a privately owned transport company service and transportation/cargo tank company (USDOT No.: 1932171) and its principal place of business is 151 Jackie Bee Road, Luling, Louisiana 70070.

9. At all material times hereto, Plaintiff Blackwell was employed from

November 6, 2017 - May 9, 2018 at Defendant's facility located at 10837 Hwy. 43 North, Creola, AL 36525.

## FACTUAL ALLEGATIONS

10. Defendant GCEC provides tanker truck dispatch services for the commercial trucking industry.

11. This action is brought pursuant to the FLSA, 29 U.S.C. §201 et seq. and specifically for equitable and injunctive relief and to remedy violations of the wage provisions of the FLSA by Defendant who deprived Plaintiff of her lawful wages.

12. This action is brought to recover unpaid compensation owed to Plaintiff pursuant to the FLSA. Defendant has and had a uniform policy and practice of consistently requiring its non-exempt employees to work over forty (40) hours per week for a flat rate without overtime compensation.

13. Defendant earned at or above Five Hundred Thousand and 00/100 Dollars ($500,000.00) in annual gross sales or business during the relevant time period subject to Plaintiff's Complaint.

14. Plaintiff, Dee Blackwell, worked for Defendant from approximately November 6, 2017 until May 9, 2018 when she was terminated after she complained about not being compensated for the overtime hours she worked for Defendant.

15. Defendant purported to classify Plaintiff as an exempt employee for

FLSA purposes and they paid her a salary-based wage, whereby she received a salary rate of approximately $17.00 per hour.

16. Plaintiff routinely worked between 46-55 hours in a given workweek; however, she was not compensated at a rate of time and one-half for those overtime work hours. This amounts to six (6) - to - fifteen (15) hours of overtime each workweek.

17. Defendant also required Plaintiff to work through her lunch breaks.

18. Defendant had actual or constructive knowledge of Plaintiff's "on-the-clock" activities.

19. Defendant had actual or constructive knowledge of Plaintiff's "off-the-clock" activities.

20. Plaintiff suffered and was permitted to work for Defendant without any compensation.

21. When Plaintiff was not physically at Defendant's facility, Defendant required Plaintiff to be "on-call" throughout the duration of her employment.

22. Under Defendant's methods of recording time, Plaintiff was paid her salary rate that equated an hourly flat rate $17.00 per hour up to forty (40) hours per week. As a result, Plaintiff was not compensated time and one half for all hours worked over forty (40) in a workweek.

23. Rather than pay Plaintiff overtime compensation at a rate of time and one-half, Defendant implemented and maintained a policy whereby it only paid Plaintiff her regular rate of pay for all hours worked in a given workweek.

24. As such, Plaintiff is owed time-and-a-half for all of her overtime hours at the rate $25.50 per overtime hour.

25. From January 2018 - May 2018, Plaintiff complained to Defendant's management team about not being compensated for all the hours she was required to work.

26. After Plaintiff complained in January 2018, Defendant's management team began issuing written reprimands against Plaintiff from January 2018 - February 2018.

27. During this time, Plaintiff was also reprimanded for not taking work calls after hours or responding to work related texts after work hours.

28. In February 2018, Plaintiff complained to one of the company's owners about her work situation, but nothing was done.

29. Instead of compensating Plaintiff for her unpaid overtime, Defendant terminated her on May 9, 2018.

30. Defendant knowingly, willfully, and with reckless disregard, carried out its illegal pattern or practice of failing to pay overtime compensation with respect to

Plaintiff.

31.     Defendant knowingly and willfully failed to fulfill its record keeping requirements with regard to Plaintiff under 29 C.F.R. 516.

32.     Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, et seq., (c) Department of Labor Wage & Hour Opinion Letters, or (d) the Code of Federal Regulations.

## COUNT I
## Violation of the Fair Labor Standards Act of 1938

Plaintiff incorporates by reference the previous paragraphs and makes them a part hereof.

33.     From November 6, 2017 - May 9, 2018, Plaintiff was an "employee" for Defendant within the meaning of the FLSA.

34.     From November 6, 2017 - May 9, 2018, Defendant was the "employer" as defined by Section 203(d) of the FLSA.

35.     Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA as Defendant's employee from November 6, 2017 - May 9, 2018.

36.     At all relevant times, Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

37. At all relevant times stated herein, Defendant was, and continues to be, an enterprise covered by the FLSA, and as defined by 29 U.S.C. §§ 203 (r) and 203(s).

38. From November 6, 2017 - May 9, 2018, Defendants employed two (2) or more employees engaged in interstate commerce and that said enterprise has had two (2) or more employees handling, selling, dispatching, or otherwise working on goods or materials, or workers, that have been moved in or produced for commerce by any person such as office supplies, building maintenance supplies, materials, transportation goods, tools and equipment, etc.

39. At all material times stated herein, Plaintiff was "engaged in commerce" and subject to individual coverage under the FLSA in that she:

   a. Operated instrumentalities of commerce;

   b. Transported goods in commerce;

   c. Used channels of commerce;

   d. Communicated across state lines; and/or

   e. Performed work essential to any of the preceding activities.

40. From November 6, 2017 - May 9, 2018, the work performed by Plaintiff was directly essential to the operations performed by Defendant and Defendant's strategy.

41. Throughout her employment, Defendant paid Plaintiff a flat hourly rate of $17.00 per hour as a non-exempt employee.

42. At all material times hereto, Plaintiff worked in excess of forty (40) hours per workweek for which Plaintiff was not compensated at the statutory rate of time and one-half Plaintiff's regular rate of pay.

43. At all material times, Plaintiff averaged six (6) - to - fifteen (15) hours of overtime each workweek.

44. Defendant never paid Plaintiff any overtime compensation, despite the fact that she worked well over the required forty (40) hours a week.

45. Plaintiff was entitled to overtime pay at time and one-half for all hours worked over forty (40) hours each week.

46. From November 6, 2017 - May 9, 2018, Defendant intentionally failed and/or refused to pay Plaintiff according to the provisions of the FLSA.

47. In doing so, Defendant failed to make a good faith effort to comply with FLSA and 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for those hours worked in excess of forty (40) within a work week.

48. Plaintiff was closely monitored and supervised by Defendant.

49. If Plaintiff did not respond to Defendant's on-call request during "after-

hours," Plaintiff would be written-up and reprimanded.

50. Plaintiff was, and is, entitled to be paid at the statutory rate of time and one-half of Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours in a workweek.

51. At all times material hereto, Defendant failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

52. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of time and one-half of Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per workweek when they knew, or should have known, such was, and is, due.

53. Defendant failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

54. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

55. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

56. At all times material hereto, Defendant failed to comply with Title 29

and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees at a rate less than time and one-half for her overtime hours.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that judgment be entered in her favor against Defendant:

a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b. Awarding Plaintiff overtime compensation in the amount due to her for Plaintiff's time worked in excess of forty (40) hours per workweek;

c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

d. Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Awarding Plaintiff pre-judgment interest;

f. Ordering any other further relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable as a matter of right by

jury.

    Dated this the 2nd day of August, 2019.

                                      RESPECTFULLY SUBMITTED,

                                      s/ Daniel Patrick Evans
                                      Daniel Patrick Evans
                                      ASB-3209-R67G
                                      Attorney for the Plaintiff
                                      The Evans Law Firm, P.C.
                                      1736 Oxmoor Road, Suite 101
                                      Birmingham, Alabama 35209
                                      Telephone:  (205) 870-1970
                                      Fax: (205) 870-7763
                                      E-Mail: dpevans@evanslawpc.com

**Defendant's Address:**

**SERVE DEFENDANT BY CERTIFIED MAIL:**

Gulf Coast Express Carriers Inc.
Louisiana Registered Agent:
Kevin Joseph Gautreau
38093 Hwy 18
Donaldsonville, LA 70346

# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **DEE BLACKWELL**               ) | |
|                                 ) | |
|    **Plaintiff:**  ) | |
|                                 ) | |
| **vs.**                         ) | **Case No.: 1:19-cv-00433** |
|                                 ) | |
| **GULF COAST EXPRESS**          ) | **JURY DEMAND** |
| **CARRIERS, INC.**              ) | |
|                                 ) | |
|    **Defendants.** ) | |

## SUMMONS IN A CIVIL ACTION

**To:**    **Gulf Coast Express Carriers Inc.**
       **Louisiana Registered Agent:**
       **Kevin Joseph Gautreau**
       **38093 Hwy 18**
       **Donaldsonville, LA 70346**

NOTE: A separate summons must be prepared for each defendant.

A lawsuit has been filed against you.

     **Within 21 days after service of this summons on you (not counting the day you received it), you must serve on the Plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the Plaintiffs' attorneys, whose names and addresses are:**

Daniel Patrick Evans
The Evans Law Firm, P.C.
1736 Oxmoor Road, Suite 101
Birmingham, Alabama 35209

**If you fail to do so, judgment by default may be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.**

DATE:_____                      Charles R. Diard, Jr., Clerk

                                                      By:

SEE REVERSE SIDE FOR RETURN            Deputy Clerk

                                                         (SEAL OF COURT)
                                          SOUTHERN DISTRICT OF ALABAMA
                                          155 St. Joseph Street
                                          Mobile, Alabama 36602

**RETURN ON SERVICE OF WRIT**

  I hereby certify and return that on the _____ day of _____, _____, I served this summons together with the complaint as follows:

   G  By personal service on the defendant at

   G  By serving a person of suitable age and discretion then residing in the defendant's

     usual place of abode.  (Give name and address of person served.)

     _____

     _____

   G  By serving an officer, a managing or general agent, or any other agent authorized

     by appointment or by law to receive service of process of the defendant

     corporation, partnership, or unincorporated association.  (Give name, capacity and

     address of person served.)

     _____

     _____

  I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____   _____
   Date         Authorized or Specially Appointed Process Server

Costs of Service:  Service fee:  $
Expenses: _____ miles @ _____cents  $_____
              TOTAL $