## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **DEE BLACKWELL** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No.: 1:19-cv-00433 |
| ) | |
| **GULF COAST EXPRESS** ) | **CARRIERS, INC.** ) |
| ) | |
| **Defendant.** ) | |

### SECOND JOINT MOTION TO APPROVE SETTLEMENT, STIPULATED JUDGMENT, AND DISMISSAL

**NOW INTO COURT**, through undersigned counsel, come Plaintiff, Dee Blackwell, and Defendant, Gulf Coast Express Carriers, Inc. (collectively referred to as the "Parties"), who hereby represent to the Court that they have reached a carefully negotiated settlement of Plaintiff's claims in this matter and jointly move for the approval of the Parties' Settlement Agreement ("Agreement"), attached as Exhibit 1, which represents a reasonable compromise of a disputed matter under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). In support of this joint motion and as grounds for the Court's approval of the Agreement, the Parties state as follows:

### INTRODUCTION

1. Plaintiff initiated this action against Defendant, alleging Defendant misclassified her position as exempt and failed to pay her overtime wages in violation of the FLSA. Defendant denies all allegations, contending Plaintiff was properly classified as an exempt employee and therefore was not entitled to overtime wages under the FLSA. The parties have exchanged case law in support of their respective positions.

1

2.       Plaintiff believes that the cause of action, allegations, and contentions asserted in this action have merit and that the evidence developed to date supports the cause of action asserted. Plaintiff denies that she was exempt as defined by the FLSA during the course of her employment with Gulf Coast. Plaintiff claims she was improperly classified and is owed alleged unpaid overtime as a result. In support, Plaintiff served and filed into the record her Verified Answers to the Court's Interrogatories (Docket Entry No. 21), which claim she is owed a maximum damage award (exclusive of attorney's fees and costs) of $4,692.00, comprised of $2,346.00 in backpay (an average of 10.5 hours of overtime each workweek during her 184 days of employment), and $2,346.00 in liquidated damages.

3.       Defendant denies Plaintiff's allegations and contends that Plaintiff at all relevant times was an employee exempt from overtime under the FLSA because her duties as a dispatcher satisfied the executive and/or administrative exemptions. Gulf Coast also produced certain records to Plaintiff, including what it claims to be a copy of Plaintiff's own résumé prepared after leaving Gulf Coast, which Gulf Coast claims indicates she performed exempt duties during her employment, and phone records maintained by Gulf Coast during the course of Plaintiff's employment, which Gulf Coast asserts contradict her assertion of the amount of overtime she allegedly earned. Copies of these documents are attached as "Exhibit A" to the Settlement Agreement. Gulf Coast did not maintain or produce timesheets or a record of hours worked because of its position that Plaintiff was properly classified as exempt during her employment with Gulf Coast.

4.       As such, this is a highly disputed claim. However, the Parties recognize and acknowledge that the expense in time and money of litigation, the uncertainty and risk of

litigation, as well as the difficulties and delays inherent in such litigation, make settlement of this matter a mutually appealing resolution.

5.  Accordingly, the Parties have reached a Settlement Agreement to resolve Plaintiff's claims. Pursuant to applicable Eleventh Circuit precedent, this Court is empowered to review and approve the provisions of such settlement agreements in actions brought for alleged unpaid wages under the FLSA. *See Lynn Food Stores v. U.S.*, 679 F.2d 1350 (11th Cir. 1982). Because the Parties have agreed that the terms reflected in this Agreement are mutually satisfactory and that they represent a fair and reasonable resolution of a *bona fide* dispute, the Parties respectfully request that the Court approve the Settlement Agreement.

6.  In support of this joint request that the Court approve the Parties' Settlement Agreement, Plaintiff submits that she is satisfied that she will be reasonably compensated under the terms of the Settlement Agreement for any alleged unpaid overtime pay and liquidated damages to which she claims to be entitled. Additionally, Plaintiff's counsel represents that: (a) Plaintiff fully understands the Agreement, and (b) Plaintiff has consulted with her counsel of record before agreeing to the Agreement and has entered into it knowingly and voluntarily.

## **MEMORANDUM OF LAW**

7.  Employees can settle and release claims under the FLSA in two ways. First, employees can settle and waive their claims under the FLSA if the Secretary of Labor supervises the payment of unpaid wages by the employer to the employee. *See* 29 U.S.C. § 216(c) (2008); *Lynn's Food*, 679 F.2d at 1353. Second, in the context of a private lawsuit brought by an employee against an employer under the FLSA (as is the case here), an employee may settle and release FLSA claims if the parties present the district court with a proposed settlement, and the district court enters a stipulated judgment approving the fairness of the settlement. *Id.*; *see also*

*D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 113 n.8 (1946) (discussing propriety of allowing settlement of FLSA claims where district court has reviewed terms of settlement agreement).

8. In detailing the circumstances justifying court approval of an FLSA settlement in the litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food*, 679 F.2d at 1354.

9. In the instant action, the Court should approve the Parties' Settlement Agreement to resolve Plaintiff's FLSA claims against Defendant. The proposed Settlement Agreement arises out of an action that is adversarial in nature. The parties vigorously dispute the merits of this case, with Plaintiff contending that Defendant violated the FLSA by misclassifying her as exempt and failing to pay her overtime compensation for all hours worked in excess of forty hours in a workweek, and Defendant vigorously disputing both Plaintiff's claim that she was misclassified and the factual allegations concerning the number of hours she allegedly worked in excess of forty in a workweek. During the litigation and settlement of this action, Plaintiff and Defendant were represented by competent and experienced attorneys who are well versed in this area of the law. Plaintiff and her counsel discussed her overtime claim and formulated proposed settlement figures. The Parties then engaged in settlement discussions based on their independent calculations and analysis.

10. To date, formal discovery has not been undertaken by either party.

11. The Parties entered into this settlement in recognition of the risks inherent in any litigation – specifically, for Plaintiff, the risk of no recovery, and for the Defendant, the risk of a verdict against it on the merits. Because of these risks, the Settlement Agreement, which provides for significant compensation to Plaintiff, as well as a payment of reasonable attorney's fees and costs to her counsel for prosecuting this matter, represents a fair and reasonable compromise of this matter.

12. Pursuant to the Court's Rule 16(b) Scheduling Order, Plaintiff served Answers to the Court's Interrogatories, which indicated that she claimed a maximum damage award (exclusive of attorney's fees and costs) of $4,692.00, comprised of $2,346.00 in alleged unpaid overtime (an average of 10.5 hours of overtime each workweek during her 184 days of employment), and $2,346.00 in liquidated damages. Gulf Coast produced certain records to Blackwell, including what it claims to be a copy of Blackwell's own résumé prepared after leaving Gulf Coast, which Gulf Coast claims indicates she performed exempt duties during her employment, and phone records maintained by Gulf Coast during the course of Plaintiff's employment, which Gulf Coast asserts contradict her assertion of the amount of overtime she allegedly earned. Copies of these documents are attached as "Exhibit A" to the Settlement Agreement. Gulf Coast did not maintain or produce timesheets or a record of hours worked because of its position that Plaintiff was properly classified as exempt during her employment with Gulf Coast. Plaintiff disputes her classification as exempt. The Parties considered these many contested issues, Plaintiff's verified interrogatory answers (Docket Entry No. 21), and the exchanged documents attached as Exhibit A to the Settlement Agreement when coming to this resolution.

13. Under the terms of the Settlement Agreement, discussed further below, Gulf Coast agrees to pay to Plaintiff, conditioned upon the Court's approval of the Agreement, the gross amount of $4,000, representing a settlement payment for alleged unpaid wages in the amount of $2,000 and alleged liquidated damages in the amount of $2,000. Plaintiff claims she is owed, at most per her own calculation, $4,692.00. (Docket Entry No. 21.) "Any amount due that is not in dispute must be paid unequivocally; employers may not extract valuable concessions in return for payment that is indisputably owed under the FLSA. . . . A federal court must therefore 'scrutiniz[e] the settlement for fairness' to ensure employees have received all uncontested wages due and that they have received a fair deal regarding any additional amount that remains in controversy." *Hogan v. Allstate Beverage Co., Inc.*, 821 F. Supp. 2d 1274, 1282 (M.D. Ala. 2011) (quoting *Lynn's Food*, 679 F.2d at 1353). Based on the records attached to the Settlement Agreement as Exhibit A and the case law concerning exemption status of dispatchers generally, Gulf Coast has at least a colorable argument that Plaintiff was subject to the FLSA's executive or administrative exemptions, such that no overtime compensation would be owed or, in the alternative, that Plaintiff has over calculated the amount of overtime allegedly owed. *Cf. Crabtree v. Volkert, Inc.*, No. 11-0529-WS-B, 2013 U.S. Dist. LEXIS 20543, at *8 (S.D. Ala. Feb. 14, 2013). The information provided by both Parties herein should enable the Court to ensure that Plaintiff has received a fair deal regarding any amount in controversy. *Hogan*, 821 F. Supp. 2d at 1282. Here, there is a *bona fide* dispute concerning whether wages are owed to Plaintiff under the FLSA and, if so, how much. Accordingly, the Court should find this $4,000 settlement amount to be a fair and reasonable compromise of a *bona fide* FLSA dispute.

14. The parties discussed attorney's fees and costs of the action separately after coming to an agreement on the amount to compensate Plaintiff's claim for alleged unpaid

6

overtime wages and liquidated damages. Gulf Coast agrees to pay reasonable attorney's fees and costs of the action accrued by Plaintiff, which amount will be determined by the Court upon motion by Plaintiff's attorney, Daniel Patrick Evans of the Evans Law Firm, P.C. The motion for reasonable attorney's fees and costs has been filed simultaneously with this Motion. Given that the Parties agree the Court will determine reasonableness of the fees and costs, there is no concern of fairness of this aspect of the Settlement Agreement. *Cf. Silva v. Miller*, 307 F. App'x 349, 352 (11th Cir. 2009).

15.     The Parties also have agreed to a mutual non-disparagement provision relating to the terms of the Settlement Agreement. The Parties have a compelling and mutual interest in non-disparagement and resolving this matter at such an early stage of the proceedings to avoid the incurrence of substantial litigation time and costs. The non-disparagement provision contains a carve out for any truthful statement made in connection with any legal proceeding or in any investigation by any governmental authority. Additionally, because the settlement figures and Settlement Agreement are matters of public record, the public's rights have been adequately protected. As a condition of settlement and in additional consideration for the non-disparagement provision, Plaintiff requested that Gulf Coast agree to provide a neutral reference for Plaintiff to any potential employer who contacts Gulf Coast concerning Plaintiff's employment history. Gulf Coast agrees to do so as part of this Agreement. The inclusion of this non-disparagement provision, in light of this additional consideration, does not render the settlement unfair or unreasonable. *See Scherr v. Cooper Rests., Inc.*, No. 17-00338-CG-N, 2018 U.S. Dist. LEXIS 76633, at *8 (S.D. Ala. May 7, 2018) (citing cases) (approving general release and confidentiality provision in exchange for separate consideration, stating: "In numerous cases, judges have approved settlement agreements where an employee receives additional

consideration in exchange for concessions to the employer that go beyond release of the FLSA claim."); *cf. Jun Soo Lee v. Guyoungtech USA, Inc.*, 247 F. Supp. 3d 1257, 1264, 1966 (S.D. Ala. 2017) (noting confidentiality provisions in FLSA settlements have been approved where the plaintiff receives separate bargained-for consideration, and publication of the settlement agreement in the public record effectively nullifies disfavored confidentiality provisions); *see also Vela v. Sunnygrove Landscape & Irrigation Maintenance, LLC*, 2018 U.S. Dist. LEXIS 190667, at *7-10 (M.D. Fla. Oct. 4, 2018), *report and recommendation approved*, 2018 U.S. Dist. LEXIS 190205 (M.D. Fla. Nov. 7, 2018) (approving non-cash consideration of neutral reference provision that was negotiated independently and constituted additional consideration to plaintiff); *Caamal v. Shelter Mortg. Co., L.L.C.*, No. 6:13-cv-706-Orl-36KRS, 2013 U.S. Dist. LEXIS 138341, at *11 (M.D. Fla. Sep. 5, 2013), *report and recommendation approved,* 2013 U.S. Dist. LEXIS 138342 (M.D. Fla. Sept. 26, 2013) (approving settlement agreement whereby plaintiff received $500.00 and an agreement to provide a neutral reference in exchange for a general release of claims, a non-disparagement agreement, and a waiver of future employment).

16. The Parties have agreed to a full and final release of any and all claims (excluding Gulf Coast's agreement to pay reasonable attorney's fees and costs pertaining to this action as outlined above) arising under or in any manner related to Plaintiff's Lawsuit, the Fair Labor Standards Act, and/or any state wage and hour laws. The release no longer extends beyond claims unrelated to wages and compensation. The Parties affirm that there is no indication that Plaintiff has any other viable federal or state wage and hour claims against Gulf Coast, so there is no reason to believe she would be suffering some substantial detriment or making a substantial concession by agreeing to this provision. *Crabtree*, 2013 U.S. Dist. LEXIS 20543, at *18; *Luker v. Wilcox Hosp. Bd.*, No. 14-0043-WS-B, 2014 U.S. Dist. LEXIS 96303, at *16 (S.D. Ala. July

16, 2014). Further, this is not a case where Plaintiff is unquestionably owed full compensation on her FLSA claim; rather, both her exemption status and the amount of unpaid overtime allegedly owed are vigorously disputed. *Crabtree*, 2013 U.S. Dist. LEXIS 20543, at *18; *Luker*, 2014 U.S. Dist. LEXIS 96303, at *16. Additionally, Plaintiff decided, with the full benefit of legal advice from her qualified and experienced counsel, to release all federal and state wage and hour claims she has in exchange for the settlement payment from Gulf Coast. *Crabtree*, 2013 U.S. Dist. LEXIS 20543, at *19; *Luker*, 2014 U.S. Dist. LEXIS 96303, at *17. Based on these facts and circumstances, this release provision represents a fair, knowing compromise that does not render the settlement unfair or unreasonable under *Lynn's Food*. *See Crabtree*, 2013 U.S. Dist. LEXIS 20543, at *19-20; *Luker*, 2014 U.S. Dist. LEXIS 96303, at *15-17; *cf. Mygrant v. Gulf Coast Rest. Grp., Inc.*, No. 18-0264-WS-M, 2019 U.S. Dist. LEXIS 198091, at *4-5 (S.D. Ala. Nov. 15, 2019) (approving release of unpleaded federal, state, and local wage and hour claims in collective action where it is shown the releasing plaintiff was assigned by counsel).

17. The Parties have jointly submitted the Settlement Agreement to the Court so that the Court can assure the terms have been negotiated and are fair.

18. Because the Settlement Agreement represents a fair and reasonable compromise over a *bona fide* FLSA wage dispute and was negotiated at arms' length, the Court should approve this settlement.

19. The Parties are attaching a proposed stipulated judgment that specifies the dollar amounts for the wage component of the settlement and the Court's award of reasonable attorney's fees and costs (to be decided). It also provides for the Court to retain jurisdiction for a 30-day period after its entry in the event the settlement is not consummated in accordance with the terms set forth in the Settlement Agreement. This settlement and stipulated judgment to be

entered by the Court are intended to be a total resolution and complete satisfaction of any and all Fair Labor Standards Act claims and allegations by Plaintiff against Defendant, known or unknown, which are or could have been asserted in this action. This settlement is a compromise of disputed claims and is not to be deemed as an admission of fault or liability by Defendant. Plaintiff acknowledges and agrees that Defendant does not admit and, in fact, denies, that it violated any law or violated any legal duty owed to Plaintiff or violated Plaintiff's rights in any way. Plaintiff further agrees that Defendant's agreement to the settlement is not an admission of liability, but merely a business decision to avoid the costs and uncertainty of further litigation in this district. The Parties respectfully request the Court to dismiss all claims, with prejudice, against Defendant.

## **CONCLUSION**

The Parties have reached settlement as to all issues and claims, including the issue of reasonable attorney's fees and costs to be determined by the Court. Undersigned counsel for the parties affirm to the Court that they have authority from their respective clients to settle on these specific terms and that there are not other terms that have not been stated. The Settlement is contingent on this Court's approval. In addition to the stipulated judgment, the Parties have also submitted a proposed order for the Court's consideration. The Parties jointly and respectfully request that the Court approve the settlement of Plaintiff's FLSA claims, and enter a stipulated judgment approving the terms of the wage and hour claims, reasonable attorney's fees, and costs.

|  |  |
|---|---|
|  | Respectfully submitted, |
| */s/Daniel Patrick Evans, by consent* | s/Sidney F. Lewis V |
| Daniel Patrick Evans  (ASB-3209-R67G) | Sidney F. Lewis V (La #17026; *Pro Hac Vice*) |
| Attorney for the Plaintiff | Minia E. Bremenstul (LA #35676; *Pro Hac Vice*) |
| The Evans Law Firm, P.C. | Jones Walker LLP |
| 1736 Oxmoor Road, Suite 101 | Counsel for the Defendant |
| Birmingham, Alabama 35209 | 201 St. Charles Ave., Suite 5100 |
| Telephone: (205) 870-1970 | New Orleans, LA 70170 |
| Fax: (205) 870-7763 | Telephone: (504) 582-8352 |
| E-Mail: dpevans@evanslawpc.com | Facsimile: (504) 589-8352 |
|  | Email: slewis@joneswalker.com |
|  |     mbremenstul@joneswalker.com |

AND

James Rebarchak
Jones Walker LLP
11 N. Water Street, Suite 1200
Mobile, Alabama 36604
Telephone: (251) 432-1414
Facsimile: (251) 439-7541
jrebarchak@joneswalker.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the April 17, 2020, I electronically filed the foregoing Second Joint Motion to Approve Settlement, Stipulated Judgment, and to Dismissal with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

>Daniel Patrick Evans
>Attorney for the Plaintiff
>The Evans Law Firm, P.C.
>1736 Oxmoor Road, Suite 101
>Birmingham, Alabama 35209
>Telephone: (205) 870-1970
>Fax: (205) 870-7763
>E-Mail: dpevans@evanslawpc.com

*s/Sidney F. Lewis V*
Sidney F. Lewis V
