UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DEE BLACKWELL** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| vs. | )    Case No.: 1:19-cv-00433 |
| | ) |
| **GULF COAST EXPRESS** | ) |
| **CARRIERS, INC.** | ) |
| | ) |
|     **Defendant.** | ) |

**ORDER**

This matter comes before the Court on the Parties' Second Joint Motion to Approve Settlement Agreement, Stipulated Judgment, and Dismissal With Prejudice.

**I.  PROCEDURAL HISTORY**

Plaintiff, Dee Blackwell, brought this action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), against Defendant, Gulf Coast Express Carriers, Inc. Plaintiff alleged that Defendant violated the FLSA by misclassifying her position as exempt and failing to pay her overtime compensation for hours worked in excess of 40 in a workweek; however, Defendant responded that Plaintiff was owed no overtime premium pay because she qualified for the FLSA's executive and/or administrative exemptions.

On November 21, 2019, the Court entered a Rule 16(b) Scheduling Order tailored to meet the particular circumstances of this FLSA case. (Docket Entry No. 19.) Pursuant to that Order, Plaintiff served and filed into the record her Verified Answers to the Court's Interrogatories. (Docket Entry No. 21.) Plaintiff's answers indicate that she calculates a maximum damage award (exclusive of attorney's fees and costs) of $4,692.00, comprised of $2,346.00 in alleged unpaid overtime (an average of 10.5 hours of overtime each workweek during her 184 days of

1

employment), and $2,346.00 in liquidated damages. (*Id.*)

On January 29, 2020, the Court issued an order staying all pretrial matters because the Parties notified the Court that a settlement had been reached. (Docket Entry No. 22.) The Parties filed their first joint motion to approve their initial settlement agreement, and the Court issued an order for further or revised briefing on certain issues. (Docket Entry Nos. 24-25.) On March 17, 2020, the Court, at the Parties' request, held a teleconference and extended their deadline to revise, amend, and/or supplement their initial motion to April 17, 2020. (Docket Entry Nos. 28- 30.)

The Parties revised the terms of their agreement and now jointly have submitted a second motion seeking judicial approval of the Settlement Agreement, delineating the legal and factual bases for their contention that the amended FLSA settlement reflects a reasonable compromise and is fair under *Lynn's Food*. (Docket Entry No. _.)

## II.   ANALYSIS

### A.   Required Judicial Approval of FLSA Settlements.

Congress has dictated that the FLSA provisions are mandatory and, thus, "are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352 (11th Cir. 1982); *see also Hogan v. Allstate Beverage Co.*, 821 F. Supp. 2d 1274, 1281 (M.D. Ala. 2011) ("Settlement of an action under the FLSA differs from settlement of other claims," as "the FLSA's provisions are mandatory and generally not subject to bargaining, waiver, or modification by contract or settlement.").

Employees can settle and release claims under the FLSA in two ways. First, employees can settle and waive their claims if the Secretary of Labor supervises the payment of unpaid wages by the employer to the employee. *See* 29 U.S.C. § 216(c) (2008); *Lynn's Food*, 679 F.2d at 1353-54. Second, in the context of a private lawsuit brought by an employee against an employer (as is the case here), an employee may settle and release FLSA claims if the parties present the district court

with a proposed settlement where there is a *bona fide* dispute under the FLSA, such as about coverage or computation of damages, and the district court enters a stipulated judgment approving the fairness of the settlement. *Lynn's Food*, 679 F.2d at 1353; *Hogan*, 821 F. Supp. 2d at 1281-82; *see also D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 113 n.8 (1946) (discussing propriety of allowing settlement of FLSA claims where district court has reviewed terms of settlement agreement).

      B.      **Whether the Settlement is Fair and Reasonable.**

After careful review of the record, the Court concludes that the Settlement Agreement, attached as Exhibit 1 to the Parties' Second Joint Motion, constitutes a fair and reasonable compromise of one or more *bona fide* FLSA disputes.

First, there is a *bona fide* dispute as to whether Defendant owes Plaintiff any overtime at all. The *bona fide* dispute is based on the following: (1) Plaintiff's verified answers (Docket Entry No. 21); (2) case law from other jurisdictions referenced by Defendant in support of its position that the FLSA exemption status applies to Ms. Blackwell; and (3) the résumé Defendant claims Plaintiff drafted, post-employment, explaining her duties while working at Gulf Coast. Formal discovery has not been conducted by either party. However, Defendant has at least a colorable argument that Plaintiff was subject to the FLSA's executive and/or administrative exemptions, such that no overtime compensation would be owed. *Cf. Crabtree v. Volkert, Inc.*, No. 11-0529-WS-B, 2013 U.S. Dist. LEXIS 20543, at *8 (S.D. Ala. Feb. 14, 2013).

Additionally, if the jury were to find Plaintiff was improperly classified as exempt, there is a *bona fide* dispute as to amount of overtime Defendant allegedly owes Plaintiff. Plaintiff claims she is owed a maximum of $2,346 in unpaid overtime (an average of 10.5 hours of overtime each workweek during her 184 days of employment), exclusive of liquidated damages and attorney's fees and costs. (Docket Entry No. 21.) Defendant has produced phone records maintained during the course of Plaintiff's employment, which Defendant argues contradict the 10.5 hours of overtime

Plaintiff asserts she was allegedly "on call" each workweek and for which she claims she is owed overtime. Based on this *bona fide* dispute, a compromise settlement payment of $2,000 in alleged unpaid overtime instead of the maximum $2,346 amount is fair and reasonable. Thus, $2,000 in alleged liquidated damages is also fair and reasonable.

Moreover, there is a *bona fide* dispute as to whether Plaintiff would be entitled to liquidated damages under the FLSA. "When the jury finds an employer has violated the FLSA and assesses compensatory damages, the district court generally must add an award of liquidated damages in an equal amount." *Morgan v. Family Dollar Stores*, 551 F.3d 1233, 1282 (11th Cir. 2008) (citations omitted). "However, the district court has discretion to reduce or deny liquidated damages if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]." *Id.* (internal quotation marks and citation omitted). In its Answer (Docket Entry No. 6), Defendant asserted defenses relating to its good faith and the imposition of liquidated damages. Also there is case law in other jurisdictions supportive of Defendant's position that dispatchers have been classified as exempt under at least some circumstances. (Docket Entry No. 6 at 6-7; Exhibit A to Settlement Agreement at 76-87.) Plaintiff disputes that those circumstances apply to her employment with Defendant. Thus, there is a *bona fide* dispute as to whether Plaintiff would be entitled to liquidated damages and, if so, whether the full amount of compensatory damages or a reduced value would be awarded. *See Crabtree*, 2013 U.S. Dist. LEXIS 20543, at *9. Based on this *bona fide* dispute, a compromise settlement payment of $2,000 in alleged liquidated damages instead of the maximum $2,346 amount is reasonable.

The Parties discussed attorney's fees and costs of the action separately after coming to an agreement on the amount to compensate Plaintiff's claim for alleged unpaid overtime wages and liquidated damages. Pursuant to the Settlement Agreement, Defendant has agreed to pay reasonable

attorney's fees and costs of the action accrued by Plaintiff, which amount will be determined by the Court upon motion by Plaintiff's attorney. The motion for reasonable attorney's fees and costs has been filed and will be ruled on in a separate Order, whereby the Court will apply the "lodestar" method of calculating fees and the factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). Given that the Court will determine reasonableness of the attorney's fees and costs, there is no concern of fairness of this aspect of the Settlement Agreement. *Cf. Silva v. Miller*, 307 F. App'x 349, 352 (11th Cir. 2009).

Accordingly, the Court determines that the Parties' agreed-upon settlement amount of $4,000 (exclusive of reasonable attorney's fees and costs, to be determined by the Court) is a fair and reasonable resolution of one or more *bona fide* FLSA disputes for purposes of *Lynn's Food*. There are no uncontested wages owed to Plaintiff, and Plaintiff has received a fair deal by being paid the sum of $4,000 at this stage of the litigation, compared to the maximum $4,692 she could, but is not guaranteed to, obtain after discovery, motion practice, and trial.

1. **The Non-Disparagement Provision**.

The Settlement Agreement contains a mutual non-disparagement provision relating to the terms of the Settlement Agreement, which has a carve out for any truthful statement made in connection with any legal proceeding or in any investigation by any governmental authority. Although confidentiality and non-disparagement provisions are generally disfavored, they "have been approved in FLSA settlements where the provision is bargained for and the plaintiff receives separate consideration." *Jun Soo Lee v. Guyoungtech USA, Inc.*, 247 F. Supp. 3d 1257, 1266 (S.D. Ala. 2017); *Scherr v. Cooper Rests., Inc.*, No. 17-00338-CG-N, 2018 U.S. Dist. LEXIS 76633, at *8 (S.D. Ala. May 7, 2018) (citing cases) (approving general release and confidentiality provision in exchange for separate consideration, stating: "In numerous cases, judges have approved settlement agreements where an employee receives additional consideration in exchange for

concessions to the employer that go beyond release of the FLSA claim.").[1]

As a condition of settlement and as separate consideration for the mutual non-disparagement provision, Plaintiff requested that Defendant agree to provide a neutral reference for Plaintiff to any potential employer who contacts Defendant concerning Plaintiff's employment history. Gulf Coast agreed to Plaintiff's request, which serves as separate consideration for the mutual non-disparagement provision. *Cf. Vela v. Sunnygrove Landscape & Irrigation Maintenance, LLC*, 2018 U.S. Dist. LEXIS 190667, at *7-10 (M.D. Fla. Oct. 4, 2018), *report and recommendation approved*, 2018 U.S. Dist. LEXIS 190205 (M.D. Fla. Nov. 7, 2018) (approving non-cash consideration of neutral reference provision that was negotiated independently and constituted additional consideration to plaintiff); *Caamal v. Shelter Mortg. Co., L.L.C.*, No. 6:13-cv-706-Orl-36KRS, 2013 U.S. Dist. LEXIS 138341, at *11 (M.D. Fla. Sep. 5, 2013), *report and recommendation approved,* 2013 U.S. Dist. LEXIS 138342 (M.D. Fla. Sept. 26, 2013) (approving settlement agreement whereby plaintiff received $500.00 and an agreement to provide a neutral reference in exchange for a general release of claims, a non-disparagement agreement, and a waiver of future employment).

The inclusion of this non-disparagement provision, in light of this additional bargained-for consideration, does not render the settlement unfair or unreasonable. Additionally, because the settlement figures and Settlement Agreement are matters of public record, the public's rights have been adequately protected. *See Jun Soo Lee*, 247 F. Supp. 3d at 1264-67.

**2        The Release of Wage and Hour Claims.**

The Settlement Agreement contains a release stating as follows:

---

[1] There is little case law in this District concerning non-disparagement provisions specifically, but such provisions have been analyzed by other district courts in this Circuit using case law addressing confidentiality provisions.

>In consideration of the payments described above, and other mutual covenants in this Agreement, Blackwell knowingly and voluntarily hereby agrees to waive, settle, release, and forever discharge (for herself, her heirs, executors, administrators, legal representatives and assigns), Gulf Coast, and its heirs, predecessors, successors, parents, owners, subsidiaries, affiliated entities, assigns, officials, employees, officers, directors, members, managers, affiliates, agents, attorneys, representatives, lessees, insurers, and reinsurers, and their respective predecessors, successors and assigns (all of whom and which are hereinafter collectively referred to as "Released Parties"), from any and all claims, demands, lawsuits, damages, punitive damages, duties, obligations, costs, penalties, claims of attorney's fees (excluding Gulf Coast's agreement to pay reasonable attorney's fees and costs pertaining to this action as outlined above), actions, and causes of action for losses and damages of any kind whatsoever arising under or in any manner related to the Lawsuit, the Fair Labor Standards Act, and/or any state wage and hour laws.

This release is not a pervasive or global release of all claims Plaintiff has or may have against Defendant, although it extends beyond the FLSA claims asserted in this matter to cover all claims under the Fair Labor Standards Act and/or any state wage and hour laws. Out of an abundance of caution, the Court will analyze this release under the standard for pervasive releases. "[P]ervasive releases 'should be examined closely' in FLSA cases because of the risk that an 'employee would unknowingly make a valuable concession to the employer simply to recover wages that should never have been withheld in the first place,' and should be approved only where 'the employee has a full understanding of what he is releasing in exchange for a settlement award.'" *Crabtree*, 2013 U.S. Dist. LEXIS 20543, at *17-18 (quoting *Hogan*, 821 F. Supp.2d at 1284-85).

The Court finds the release satisfies this standard. The Parties affirm that there is no indication that Plaintiff has any other viable federal or state wage and hour claims against Defendant, so there is no reason to believe she would be suffering some substantial detriment or making a substantial concession by agreeing to this provision. *Id.* at *18; *Luker v. Wilcox Hosp. Bd.*, No. 14-0043-WS-B, 2014 U.S. Dist. LEXIS 96303, at *16 (S.D. Ala. July 16, 2014). Further, this is not a case where Plaintiff is unquestionably owed full compensation on her FLSA claim; rather, both her exemption status and the amount of unpaid overtime allegedly owed are disputed.

*Crabtree*, 2013 U.S. Dist. LEXIS 20543, at *18; *Luker*, 2014 U.S. Dist. LEXIS 96303, at *16. Additionally, Plaintiff decided, with the full benefit of legal advice from her qualified and experienced counsel, to release all federal and state wage and hour claims she has in exchange for the settlement payment from Defendant. *Crabtree*, 2013 U.S. Dist. LEXIS 20543, at *19; *Luker*, 2014 U.S. Dist. LEXIS 96303, at *17.

Based on these facts and circumstances, this release provision represents a fair, knowing compromise that does not render the settlement unfair or unreasonable under *Lynn's Food*. *See Crabtree*, 2013 U.S. Dist. LEXIS 20543, at *19-20; *Luker*, 2014 U.S. Dist. LEXIS 96303, at *15-17; *cf. Mygrant v. Gulf Coast Rest. Grp., Inc.*, No. 18-0264-WS-M, 2019 U.S. Dist. LEXIS 198091, at *4-5 (S.D. Ala. Nov. 15, 2019) (approving release of unpleaded federal, state, and local wage and hour claims in collective action where it is shown the releasing plaintiff was assigned by counsel).

## III. CONCLUSION

For all of the foregoing reasons, it is **ordered** that the Parties' Second Joint Motion to Approve Settlement, Stipulated Judgment, and Dismissal with Prejudice (Docket Entry No. \_) is due to be, and the same hereby is, **granted**. The settlement of Plaintiff's FLSA claims, as delineated in the Settlement Agreement attached to Parties' Second Joint Motion, is approved as fair and reasonable pursuant to the analysis required by the Eleventh Circuit in *Lynn's Food*. The amount of reasonable attorney's fees and costs to be awarded to Plaintiff will be determined by separate Order, and a stipulated final judgment outlining all damages owed to Plaintiff under the terms of the Settlement Agreement, including reasonable attorney's fees and costs will be entered separately after such determination.

9

**DONE AND ORDERED** this _____ day of _____, 2020.

_____
UNITED STATES MAGISTRATE JUDGE